IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATHANIEL DRAYTON,

    Plaintiff,

v.                                                               CASE NO. 1:06-cv-00007-MP-AK

JO ANNE B BARNHART,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendation of the Magistrate Judge, recommending that Defendant's Motion to Remand (Doc. 14) be granted, and that this Court enter an order reversing the decision of the Administrative Law Judge and remanding this case back to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). The Magistrate Judge filed the Report and Recommendation on Tuesday, June 27, 2006. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. In this instance, however, no objections were made.

Defendant seeks remand of this case in order for the Administrative Law Judge to recontact Plaintiff's treating physician, Michael C.Dillon, M.D., for additional evidence and clarification of his opinion regarding Plaintiff's residual functional capacity, to properly evaluate

Dr. Dillon's opinion, to further evaluate Plaintiff's adjustment disorder in accordance with 20 C.F.R. § 404.1520a and § 416.920a, and to adequately evaluate Plaintiff's subjective complaints. Plaintiff has no objection to the remand. The Supreme Court's decision in Shalala v. Schaefer, 509 U.S. 292 (1993) mandates that final judgment should be entered immediately upon an order remanding a case under sentence four of § 405(g), and the case should be closed upon entry of that final judgment.

The 11th Circuit has recently recognized the availability of attorney's fees under 42 U.S.C. § 406(b) following an award of past due benefits on remand, but stated that Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to requests for such awards. Bergen v. Commissioner of Social Sec., Nos. 05-14683, 05-14684, 2006 WL 1843633, at *2-4 (11th Cir. July 6, 2006). Rule 54(d)(2)(B) provides that motions for attorney's fees must be filed no later than 14 days after entry of judgment, unless otherwise provided by statute or order of the court. To avoid any confusion, the Court hereby orders that Plaintiff's attorney must file any request for attorney's fees pursuant to 42 U.S.C. § 406(b) no later than 14 days from the administrative action awarding the benefits. Therefore, having considered the Report and Recommendation and lack of objections thereto filed, I have determined that the Report and Recommendation should be ADOPTED. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The Motion to Remand (Doc. 14) is granted, and the Commissioner's decision denying benefits is reversed.

3. This case is remanded to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this order.

4. If on remand Plaintiff is awarded past due benefits, Plaintiff's attorney must file any request for attorney's fees under 42 U.S.C. § 406(b) no later than 14 days from the administrative action awarding the benefits.

5. The Clerk is directed to close this case.

**DONE AND ORDERED** this __10th__ day of August, 2006.

       *s/Maurice M. Paul*
      Maurice M. Paul, Senior District Judge